IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-cv-170-F

| | |
|---|---|
| PAMELA MELVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| THE SOCIAL SECURITY ) | |
| ADMINISTRATION, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the *pro se* "Plaintiff's First of Two Emergency Motions for a Protection and Restraining Order" [DE-69]. Therein, she "respectfully requests that the Court issue an emergency protection and restraining order prohibiting and barring, during the litigation of this action and it[s] appeals, the attorneys of the United States Department of Justice and the Department of Veterans Affairs from deleting her typing on her computer and from deleting her documents from her computers." *Id.* at 1.

Rule 65 of the Federal Rules of Civil Procedure govern the issuances of injunctions and restraining orders. Specifically, Rule 65(b)(1) states:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P.65(b)(1). The substantive standards for granting a request for a temporary restraining order and entering a preliminary injunction are the same. *See, e.g., Commonwealth of Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a request for temporary restraining order). In order for such injunctive relief to be granted, the movant must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). All four requirements must be satisfied. *Real Truth About Obama, Inc., v. Federal Election Com'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds* 130 S.Ct. 2371 (2010), *reinstated in relevant part on remand* 607 F.3d 355 (4th Cir. 2010) (per curiam).

Here, the court finds that Plaintiff has neither met the procedural nor the substantive requirements for the issuance of a protective order. As to the procedural requirements, Plaintiff has failed to set forth facts in an affidavit or verified complaint which show that immediate and irreparable loss, injury or damage will result to her before the opposing side may be heard. As to the substantive requirements, the court finds that she has not established a likelihood of success on the merits or that she is likely to suffer irreparable harm in the absence of preliminary relief. Accordingly, Plaintiff's motion [DE-69] is DENIED.

SO ORDERED.

This the 24 day of March, 2015.

James C. Fox
Senior United States District Judge