IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-cv-170-F

PAMELA MELVIN, )
)
Plaintiff, )
)
)
) **ORDER**
v. )
)
THE SOCIAL SECURITY )
ADMINISTRATION, et al., )
)
Defendants. )

This matter is before the court on several motions: (1) Plaintiff's Motion for a Stay of the Court's 12/4/2014 Order [DE-32]; (2) Plaintiff's Motion for the Court to Issue Summonses [DE-33]; (3) Plaintiff's "(i) Motion for the Court to Grant Permission to File Interlocutory Appeal; (ii) Motion for Clarification of the Court's December 4, 2014 Order Clarifying that SSA was Directed by This Court Not to Respond to the November 7, 2014, First Amended Complaint and Motion to Amend the Complaint; (iii) Motion for Expedited Orders on These Motions" [DE-34]; (4) Plaintiff's Motion to Withdraw [DE-40] the aforementioned three motions; (5) Plaintiff's Motion to Re-Issue Summons [DE-66] and (6) Plaintiff's Motion for Extension of Time [DE-68].

As background, in an order filed on December 4, 2014 [DE-27], the court noted that Defendant Social Security Administration filed a motion to dismiss the *pro se* Plaintiff's claims against it on October 14, 2014, and that the Clerk of Court had issued Plaintiff a notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (per curiam), informing Plaintiff, *inter alia*, of the response deadline of November 7, 2014. The court observed that on the response deadline, Plaintiff did not file a response to the motion to dismiss, but instead filed a motion for leave to

amend the complaint. The court also observed that the motion to dismiss had been submitted to the undersigned as ripe, and that the Plaintiff had submitted a notice stating she had not received the motion to dismiss. The court stated it was interpreting Plaintiff's notice as a motion for extension of time, and gave Plaintiff until December 29, 2014, to file a response to the pending motion to dismiss.

Thereafter, Plaintiff filed a Notice of Correct Rule Upon Which She Filed the First Amended Complaint [DE-28]. Therein, the *pro se* Plaintiff noted that her motion for leave to file a first amended complaint [DE-19] cites a non-existent Rule of Federal Civil Procedure, Rule 15(1)(B). Plaintiff notified the court that she intended to move under Rule 15(a)(1)(B). The court noted Plaintiff's objection, and recognized that at the time she filed her motion to amend, Plaintiff had the right to amend her complaint once as a matter of course. *See* December 19, 2014 Order [DE-29] at 1. The court allowed Plaintiff's motion for leave to amend, directed the Clerk of Court to docket the amended complaint, and to issue the proposed summons. *Id.*

Apparently before Plaintiff received a copy of the court's December 19, 2014, Order, she filed the (1) Motion for a Stay of the Court's 12/4/2014 Order [DE-32]; (2) Plaintiff's Motion for the Court to Issue Summonses [DE-33]; (3) Plaintiff's "(i) Motion for the Court to Grant Permission to File Interlocutory Appeal; (ii) Motion for Clarification of the Court's December 4, 2014 Order Clarifying that SSA was Directed by This Court Not to Respond to the November 7, 2014, First Amended Complaint and Motion to Amend the Complaint; (iii) Motion for Expedited Orders on These Motions" [DE-34]. Later, on January 30, 2015, Plaintiff filed a motion to withdraw the aforementioned three motions [DE-40], noting that the court's December 19, 2014, Order rendered them moot. Plaintiff also moved the court for an order directing Defendant Social Security

Administration to file its responsive pleading to the first amended complaint in a document separate and apart from its responses to Plaintiff's motions and all other matters.

To the extent that Plaintiff seeks to withdraw motions, the Motion to Withdraw [DE-40] is ALLOWED, and the Clerk of Court is DIRECTED to terminate 1) Plaintiff's Motion for a Stay of the Court's 12/4/2014 Order [DE-32]; (2) Plaintiff's Motion for the Court to Issue Summonses [DE-33]; (3) Plaintiff's "(i) Motion for the Court to Grant Permission to File Interlocutory Appeal; (ii) Motion for Clarification of the Court's December 4, 2014 Order Clarifying that SSA was Directed by This Court Not to Respond to the November 7, 2014, First Amended Complaint and Motion to Amend the Complaint; (iii) Motion for Expedited Orders on These Motions" [DE-34]. To the extent that Plaintiff's motion seeks an order directing Defendant Social Security Administration to file its response to her first amended complaint separate and apart from its response to her various motions, the motion [DE-40] is DENIED as moot.

Plaintiff also has filed a motion for extension of time [DE-68] to file a response to Defendant Social Security Administration's motion to dismiss. In light of the Defendants' apparent consent to the motion, it is ALLOWED, and Plaintiff has until April 16, 2015, to file her response to the motion to dismiss.

Plaintiff also has filed a motion asking the court to re-issue the summons as to Defendant Eleanor Cruise. She contends that she mailed the summons and a copy of the First Amended Complaint to Cruise by certified mail, return receipt requested, but that the United States Postal Service sent the mail on "to several more cities, . . . to another state and [it] is unable to state in whose possession is the mail at this time." Motion to Re-Issue Summons [DE-66] at 1. Plaintiff's motion is ALLOWED, and the Clerk of Court is DIRECTED to re-issue Plaintiff's proposed

3

summons as to Defendant Cruise. The court ORDERS that the time for Plaintiff to effect service on Defendant Cruise shall be extended until May 12, 2015.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Withdraw [DE-40] is ALLOWED in part, and the Clerk of Court is DIRECTED to terminate Plaintiff's motions at Docket Entries 32, 33 and 34. To the extent Plaintiff seeks an order directing Defendant Social Security Administration to file separate responses, the motion [DE-40] is DENIED as moot.

Plaintiff's Motion for Extension of Time [DE-68] is ALLOWED, and Plaintiff shall have until April 16, 2015, to file her response to the Defendant Social Security Administration's motion to dismiss. Additionally, Plaintiff's Motion to Re-Issue the Summons [DE-66] is ALLOWED, and Plaintiff shall have until May 12, 2015, to effect service on Defendant Cruise.

SO ORDERED. This the 8 day of April, 2015.

James C. Fox
Senior United States District Judge