IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-170-F

PAMELA MELVIN, )
 )
        Plaintiff, )
 )
vs. ) **ORDER**
 )
THE SOCIAL SECURITY )
ADMINISTRATION, et al., )
 )
        Defendants. )
_____ )

    Before the court are the following motions filed by *pro se* Plaintiff Pamela Melvin:

1. Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [DE 132];

2. Motion for Monetary Sanction [DE 136];[1]

3. Motion, in the Alternative to the Filing of the Second [Amended Complaint], for Partial Summary Judgment (of the First Amended Complaint) [DE 144];

4. Motion to Seal [DE 153];[2] and

5. Motion for an Extension of Time to File Motion for Fees and Cost [DE 155].

These matters are ripe for ruling.[3] Upon review of these motions and applicable responses and replies, the court finds Plaintiff's motions are meritless with the exception of the motion to seal.

    Rule 59(e) permits a court to alter or amend a judgment. *See* FED. R. CIV. P. 59(e). In particular, Rule 59(e) permits revisitation of a prior decision in three circumstances: "(1) to

---

[1]     On September 17, 2015, Plaintiff filed a Supplemental to Motion for Sanction. [DE 137].

[2]     Plaintiff asks that docket entry 149-2 be sealed because it contains her full social security number.

[3]     The relevant facts of this case are set forth in this court's decision in *Melvin v. SSA*, 126 F. Supp. 3d 584 (E.D.N.C. 2015) and will not be reiterated here.

accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." *Sloas v. CSX Transp., Inc.*, 616 F.3d 380, 386 n.2 (4th Cir. 2010) (alternation added & citation omitted). Consequently, "[a] Rule 59(e) motion is not intended to allow for reargument of the very issues that the court has previously decided," *Delong v. Thompson*, 790 F. Supp. 594, 618 (E.D. Va. 1991), and "is [not] intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977); *accord Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (explaining Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment") (citation omitted). Although courts enjoy considerable discretion in granting or denying a motion under Rule 59(e), reconsideration of a judgment after its entry is "an extraordinary remedy" which should be used sparingly. *Pac. Ins. Co. v. Am.. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

It is readily apparent from Plaintiff's motion to amend or alter the judgment that she fails to demonstrate any intervening change in controlling law, the availability of any new evidence or any need to correct a clear error of law or to prevent manifest injustice. Rather, she merely reiterates meritless arguments, which were previously rejected by the court. *See Durkin*, 444 F. Supp. at 889. Consequently, there is no basis for relief under Rule 59(e).[4]

Plaintiff's Motion for Sanction is based on the bizarre belief that "federal attorneys" accessed her computer and opened, deleted and altered documents, among other wholly

---

[4] In that same motion, Plaintiff also seeks the issuance of a protective order on the basis that "the federal attorneys" hacked into her computer. [DE 133 at 12]. Plaintiff has made similar claims throughout this litigation. *See Melvin*, 126 F. Supp. 3d at 595 (noting "Plaintiff filed numerous motions for extension of time and protective orders, contending that 'federal attorneys' were causing electrical problems at her home and were hacking into her computer and other electronic devices"). Plaintiff's request is denied.

incredible allegations. As Plaintiff's motion is founded upon baseless factual contentions, it is denied.

Plaintiff's motion for partial summary judgment is, in substance, another motion to alter the judgment. In particular, Plaintiff seeks judgment in her favor on the first, third, fourth and fifth causes of action of her first amended complaint. The court already considered and dismissed these causes of action. *See Melvin*, 126 F. Supp. 3d at 611 (dismissing count four as barred by the statute of limitations and dismissing counts one, three and five for failure to state a claim). Finally, there is no basis for a "motion for fees and cost." Accordingly, Plaintiff's motion for extension of time to file said motion is denied.

Based on the foregoing, it is ORDERED as follows:

1. Plaintiff's Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [DE 132] is DENIED;

2. Plaintiff's Motion for Monetary Sanction [DE 136] is DENIED;

3. Plaintiff's Motion, in the Alternative to the Filing of the Second [Amended Complaint], for Partial Summary Judgment (of the First Amended Complaint) [DE 144] is DENIED;

4. Plaintiff's Motion to Seal [DE 153] is ALLOWED; and

5. Plaintiff's Motion for an Extension of Time to File Motion for Fees and Cost [DE 155] is DENIED as moot.

SO ORDERED.

This the 26th day of September, 2016.

JAMES C. FOX
Senior United States District Judge